## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL B. WETZEL,

        Plaintiff,

                                    Case No. 21-cv-1010-pp

    v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates that he is not employed, not married and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. Under "Source of income," the plaintiff listed "self unemployment ending 9-6-21" of $524 per week. Id. at 2. The plaintiff states that his monthly expenses total $990 ($450 rent, $80 alimony or court-

1

ordered child support, $300 other household expenses, $80 dogs, $80 cable). Id. at 2-3. The plaintiff does not own a car or his home or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I strugled 3 yr's to try and do a job I cant do. . . . now Im worse off then befor need help to live normal life." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he seeks review of an unfavorable decision by the Commissioner and that he is disabled. Dkt. No. 1 at 3. The plaintiff alleges that the Commissioner's decision found moderate limitation in the plaintiff's concentration, persistence and pace but the RFC assessment didn't contain proper limitations for that impairment; that the decision did not properly assess medical opinion evidence of record; that the credibility assessment relied on boilerplate language and didn't comport to the

2

requirements of the ruling or case law; and that the decision failed to properly consider the plaintiff's hand use limitations. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 2nd day of September, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3